**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

SHLOMY HALAWANI,

        Plaintiff,

v.     **CASE NO.:**

CHARTER COMMUNICATIONS,
OPERATING, LLC, d/b/a SPECTRUM,

        Defendant.

**NOTICE OF REMOVAL**

Defendant Charter Communications, Operating, LLC[1] ("Charter" or "Defendant") hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "Broward County Circuit Court"), to the United States District Court for the Southern District of Florida. As explained below, removal is appropriate under 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, based on the following grounds:

**STATEMENT OF JURISDICTION**

1. Removal of this action is proper because Plaintiff Shlomy Halawani's Complaint asserts federal cause of action over which this Court has original jurisdiction. Namely, Plaintiff purports to allege liability against Charter under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), a federal statute. As set forth below, removal is therefore proper under 28 U.S.C. § 1441.

2. Separately, removal of this action is likewise proper because the Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over any class action where there is minimal diversity, the amount in controversy exceeds $5,000,000, and there are at least 100 putative class members. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b). As set forth below, this case meets all of CAFA's requirements for removal.

**PLEADINGS, PROCESS, AND ORDERS**

---

[1] Defendant reserves the right to challenge whether Plaintiff named the proper entity.

1

3. On February 8, 2023, Plaintiff filed a Class Action Complaint for violations of the TCPA and Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA") in the Broward County Circuit Court against Charter entitled: *Shlomy Halawani v. Charter Communications, Operating, LLC, d/b/a Spectrum*, Case No. 23-001494 ("State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as Exhibit 1.

4. On February 10, 2023, Plaintiff served Charter with summons and a copy of the Complaint.

5. In the Complaint, Plaintiff seeks recovery for (1) statutory damages under the TCPA and FTSA; and (2) injunctive and equitable relief. Compl. at 11. Charter denies all of Plaintiff's alleged claims, denies any wrongdoing, denies that Plaintiff is entitled to any individual or putative class relief, and denies that any class could be properly certified. Charter denies that it is subject to personal jurisdiction in this Court and further reserves its right to move to dismiss the Complaint on that ground, among others.

6. Plaintiff seeks to represent the following classes:

> **TCPA Class: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, regarding Defendant's goods and/or services.**
>
> **FTSA Class: All persons within Florida who, from July 1, 2021 through the date of class certification, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, regarding Defendant's goods and/or services.**

Compl. ¶ 26.

## PROCEDURAL PREREQUISITES

7. The remainder of the documents in the State Court Action are attached hereto as Exhibit 2.

8. Pursuant to 28 U.S.C. § 1446(d), a removal notice, together with a copy of this Notice of Removal, will be filed with the clerk of the Broward County Circuit Court and will be served on Plaintiff.

9. Pursuant to L.R. 5H and Fed. R. Civ. P. 7.1, Charter is filing a Civil Cover Sheet (JS-44) and a disclosure statement concurrently with this Notice of Removal.

10. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446 and L.R. 5H because the State Court Action is currently pending in Broward County, which is located in this district and division.

## GROUNDS FOR REMOVAL

11. The Court has original jurisdiction in this case under 28 U.S.C. §§ 1331 and 1332(d), and thus removal is appropriate under 28 U.S.C. §§ 1441, 1446, and 1453.

### A. Federal Question Jurisdiction.

12. First, removal is appropriate here as the Complaint asserts a federal cause of action. Namely, Plaintiff alleges that Charter violated the TCPA, a federal statute. Accordingly, the Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's FTSA claim under 28 U.S.C. § 1367. Removal to this Court is therefore appropriate pursuant to 28 U.S.C. § 1441.

### B. Class Action Fairness Act (CAFA) Jurisdiction.

13. Separately, the Court also has original jurisdiction of this action pursuant to CAFA. CAFA provides, in relevant part:

> **(2)** The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> **(A)** any member of a class of plaintiffs is a citizen of a State different from any defendant . . .

28 U.S.C. § 1332(d)(2).

14. CAFA contains an exception to jurisdiction for any class action in which "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

15. As set forth below, Plaintiff's allegations, along with the evidence attached hereto, establish that the State Court Action meets CAFA's numerosity, amount in controversy, and minimal diversity requirements.

### i. *There Are At Least 100 Members in Plaintiff's Putative Class.*

16. First, the evidence attached to this notice shows that Plaintiff's putative class is comprised of at least 100 persons.

17. Plaintiff's Complaint is styled as a putative class action. Compl. at 1. Plaintiff alleges that Charter called an unspecified number of persons in Florida—"at least 50" —using a prerecorded voice message in violation of FTSA. Compl. ¶ 28. Under Florida law, FTSA is subject to a four-year statute of limitation. *Haskins v. City of Ft. Lauderdale*, 898 So. 2d 1120, 1123 (Fla. 4th DCA 2005) (identifying the statute of limitations for an invasion of privacy). However, FTSA's private right of action wasn't enacted until July 1, 2021. Fla. Stat. § 501.059. Accordingly, the relevant time period to determine the number of potential class members is between July 1, 2021, and February 8, 2023, when Plaintiff filed the Complaint.

18. The attached declaration shows that between July 1, 2021, and February 8, 2023, Charter placed more than 10,000 outbound calls to persons in Florida, calling at least 100 different persons. Declaration of Chris Claywell, ¶ 5, attached hereto as Exhibit 3 ("Claywell Decl."). Plaintiff placed these calls in controversy by alleging (incorrectly) that Charter called persons in Florida using a prerecorded voice. Compl. ¶ 26; *see also Heretick v. Publix Super Markets, Inc.*, 841 F. Supp. 2d 1247, 1249 (M.D. Fla. 2012) (removal merely requires defendant to show that the number of putative class members in controversy exceeds CAFA's jurisdictional limit without conceding liability as to any of them). Thus, the putative class in this case has at least 100 members.

19. As there are at least 100 putative class members, Charter has satisfied CAFA's numerosity requirement.[2] *See* 28 U.S.C. § 1332(d)(5)(B); *see also Cortez v. United Natural Foods, Inc.*, 2019 WL 955001, at *4 (N.D.C.A. Feb. 27, 2019) (defendant declaration sufficient proof that putative class was greater than 100 members).

    ii. *Minimal Diversity Exists.*

20. Next, minimal diversity exists in this case. Under CAFA's minimal diversity requirement, a defendant need only prove that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b); see also *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193, 1194 n.24 (11th Cir.2007) (explaining that CAFA "broadens diversity jurisdiction by establishing lower threshold requirements for jurisdiction and abrogating long-established precedent [requiring 'that each named member of the plaintiff class be diverse from each of the defendants.']").

---

[2] In making this argument, Charter does not concede that Plaintiff's putative class is sufficiently numerous for the purposes of Rule 23 certification.

21. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). A limited liability company, on the other hand, "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). This is determined "at the time of filing the complaint or, if the case has been removed, at the time of removal." *Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017). If properly alleged, the pleadings are *prima facie* evidence of the parties' citizenship, sufficient for the court to exercise jurisdiction. *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). Otherwise, the court may "rely on evidence [defendant] put forward." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

22. Here, Plaintiff alleges that he is a citizen of and resides in Broward County, Florida. Compl. ¶ 5. Therefore, Plaintiff is a citizen of the State of Florida. *See* 28 U.S.C. § 1332(a)(1). Separately, Plaintiff brings this action on behalf of not only himself, but also a putative class of "[a]ll persons within Florida." Compl. ¶ 26.

23. The evidence further shows that Charter is a Delaware organized company and that none of its members are Florida citizens. Claywell Decl. ¶ 4.

24. Therefore, Plaintiff is a citizen of a state (Florida) different from Charter, which alone satisfies CAFA's minimal diversity requirement. 28 U.S.C. §§ 1332(d)(2)(A), 1453(b); *Lowery*, 483 F.3d at 1189 n.43. Moreover, as Plaintiff purports to represent all persons "within Florida," the Court may conclude that at least one of those persons is diverse from Charter. *Cooper v. R.J. Reynolds Tobacco Co.,* 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was a citizen of Virginia); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use ... common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements.").

### iii. The Amount in Controversy Exceeds $5 Million.

25. This case also satisfies CAFA's amount in controversy requirement. To that end, CAFA authorizes the removal of class actions in which the aggregate value of all the potential class members exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

26. Although Charter denies Plaintiff's claims of wrongdoing, his requests for relief, and that any class can be certified, the aggregate amount "in controversy" here—that is, the

aggregate value of the damages Plaintiff seeks—exceeds $5,000,000. *Heretick*, 841 F. Supp. 2d at 1249 (considering facts presented in notice of removal, including defendant's declarations, along with plaintiff's allegations in finding amount in controversy satisfied under CAFA).

27. As explained above, the relevant time period at issue for Plaintiff's FTSA claims is between July 1, 2021 and February 8, 2023. During that time, Charter, or one of its independent contractor vendors for which Plaintiff seeks to hold Charter vicariously liable, placed more than 10,000 outbound calls to persons in Florida. Claywell Decl. ¶ 5. As the statutory penalty provided under FTSA is $500 per violation, Fla. Stat. § 501.059(10)(a), the total amount in controversy exceeds $5,000,000. *See Dudley*, 778 F.3d at 913 (explaining that "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.").

28. Based on the foregoing, Charter has established that the alleged amount in controversy exceeds $5,000,000, satisfying CAFA.

## TIMELINESS OF REMOVAL

29. Next, the Notice of Removal is timely. 28 U.S.C. § 1446(b) provides that a notice of removal must be filed within 30 days after the effective date of service. Here, Plaintiff served Charter on February 10, 2023. Accordingly, the Notice of Removal is timely because it was filed within thirty (30) days of the effective date of service. 28 U.S.C. § 1446(b).

## NOTICE TO PLAINTIFF

30. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of such filing will be served on Plaintiff's counsel of record.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. Accordingly, Charter respectfully removes this action to this Court.

DATED: March 10, 2023   KABAT CHAPMAN & OZMER LLP

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein
Fla. Bar No. 93945
rwatstein@kcozlaw.com
Patrick J. Fitzgerald
pfitzgerald@kcozlaw.com

Fla. Bar No. 1022508
171 17th Street NE, Suite 1550
Atlanta, GA 30363
(404) 400-7300

*Attorneys for Defendant Charter*

*Communications, Operating, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023, I filed the foregoing document using the Court's CM/ECF system and served a copy via email and mail to the following counsel of record.

Manuel S. Hiraldo, Esq.
401 E. Las Olas Blvd, Suite 1400
Ft. Lauderdale, FL 33301
Email: mhiraldo@hiraldolaw.com

Jibrael S. Hindi, Esq.
110 SE 6th Street, Suite 1744
Ft. Lauderdale, FL 33301
Email: jibrael@jibraellaw.com

                                              */s/ Ryan D. Watstein*
                                                Ryan D. Watstein